IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 1:09-CV-0022 |
| | ) | |
| v. | ) | DEATH PENALTY CASE |
| | ) | |
| WILLIAM STEPHENS, | ) | EXECUTION DATE: September 12, 2018 |
| | ) | |
| Respondent | ) | |
| | ) | |

PETITIONER'S OPPOSED MOTION TO WITHDRAW
AND FOR APPOINTMENT OF SUBSTITUTE COUNSEL

HONORABLE JUDGE HILDA G. TAGLE:

Ruben Gutierrez, through undersigned counsel, respectfully asks this Court to enter the attached proposed order granting the following relief: (1) permit appointed counsel to withdraw; and (2) appoint the Federal Public Defender for the Western District of Texas, Capital Habeas Unit ("Austin CHU") to represent Petitioner for the limited purposes of monitoring the case and locating full-time counsel to perform the services required under 28 U.S.C. § 3599 and the relevant standards of professional conduct. Mr. Gutierrez states the following as good cause for granting the requested relief:

**I.  PROCEDURAL HISTORY**

In 1999, in the 107th Judicial District Court of Cameron County, Texas, Mr. Gutierrez was convicted of capital murder and sentenced to death for the murder of Escolastica Harrison. Although he takes responsibility for planning the burglary of Ms. Harrison's unoccupied home, Mr. Gutierrez

played no role in the murder. Accordingly, he pleaded not guilty and continues to assert his innocence of the murder.

In 2002, a sharply divided Court of Criminal Appeals ("TCCA") affirmed the conviction and sentence imposed on Mr. Gutierrez. *Gutierrez v. State*, No. 73,462 (Tex. Crim. App. Jan. 16, 2002). Because the TCCA arbitrarily limited the order appointing appellate counsel for the purpose of oral argument, Mr. Gutierrez lacked counsel to seek review in the U.S. Supreme Court.

Mr. Gutierrez unsuccessfully sought habeas corpus relief from the state courts. *Ex parte Gutierrez*, No. 59,552-01, 2008 WL 2059277 (Tex. Crim. App. May 14, 2008).

In September 2008, in Case No. 1:08-cv-0008, this Court appointed attorney Margaret Schmucker to represent Mr. Gutierrez. Order filed 9/10/08.

On January 26, 2009, Ms. Schmucker timely filed on Mr. Gutierrez's behalf a petition for writ of habeas corpus. Docs. 1 & 2. Mr. Gutierrez then sought stay/abeyance so that he could file a successive stat writ to exhaust additional claims. This Court stayed the proceedings while Mr. Gutierrez returned to state court. Order (Doc. 10).

Upon return to state court, Mr. Gutierrez initially invoked Chapter 64 of the Texas Code of Criminal Procedure in order to obtain post-conviction DNA testing of evidence that would corroborate his claims and render him ineligible for the death penalty in relation to Ms. Harrison's murder. The State of Texas opposed appointment of counsel for the purpose of filing the Article 64 motion, and opposed the Article 64 motion for testing itself. The state courts refused Mr. Gutierrez's request for appointed counsel and denied his motion. *Gutierrez v. State*, 307 S.W.2d 318 (Tex. Crim. App. 2010). Thereafter, Mr. Gutierrez fairly presented his previously unexhausted federal claims to the state habeas court without the DNA evidence to which he was entitled, and the state court dismissed his application. *Ex parte Gutierrez*, 337 S.W.2d 883 (Tex. Crim. App. 2011). Then,

in 2011, Mr. Gutierrez timely returned to this Court to pursue his habeas corpus claims. See Doc. 13.

This Court granted the State's Motion for Summary Judgment and dismissed the petition. Mem. & Order (Doc. 44).

Mr. Gutierrez timely appealed. Doc. 45.

On November 13, 2014, the Fifth Circuit denied Mr. Gutierrez's request for a certificate of appealability. *Gutierrez v. Stephens*, 590 Fed. Appx. 371 (5th Cir. Nov. 13, 2014), cert. denied, ___ U.S. ___, 136 S. Ct. 35 (2015).

On November 4, 2015, Mr. Gutierrez then filed a Motion for Miscellaneous Relief with Brief in Support seeking independent DNA testing of potentially exculpatory material under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). On April 11, 2018, the District Court signed the State's Proposed Order denying the Motion.

On April 13, 2018, the District Court signed Mr. Gutierrez's Warrant of Execution setting his execution date as September 12, 2018.

## II.   GOVERNING LEGAL STANDARD FOR WITHDRAWAL AND SUBSTITUTION

Section 3599 of Title 18 governs the appointment and service of counsel for persons threatened with capital punishment. *Martel v. Clair*, 565 U.S. 648, 659-60 (2012). Section 3599(e) both provides that counsel appointed after judgment are obligated to continue under that appointment through any clemency proceedings. *Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016). The statute also provides "that an attorney appointed under that provision may be 'replaced by similarly qualified counsel upon the attorney's own motion or upon the motion of the defendant.'" *Clair*, 565 U.S. at 657 (quoting 18 U.S.C. 3599(e)); *Christeson v. Roper*, 574 U.S. ___, 135 S. Ct. 891, 894

(2015) (§ 3599(e) "contemplates that a court may 'replace' appointed counsel with 'similarly qualified counsel ... upon motion' of the petitioner").

"[A] motion for substitution should be granted when it is in the 'interests of justice.'" *Christeson*, 135 S. Ct. at 894 (quoting Clair, 565 U.S. at 663). "As its name betrays, the 'interests of justice' standard contemplates a peculiarly context-specific inquiry." *Clair*, 565 U.S. at 663; *id.* at 663-64 ("decision on substitution is so fact-specific"). Although there is no general definition to guide all cases, *ibid.*, the factors that may apply to appellate review of substitution orders generally include: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict). *Ibid.*

### A. Mr. Gutierrez's need for new counsel.

Pursuant to 18 U.S.C. § 3599(e), appointed counsel is required to represent the petitioner through "every subsequent stage of available judicial proceedings," including clemency proceedings in state court, and other litigation that may, or may not, arise. *See Harbison v. Bell*, 556 U.S. 180, 194 (2009) (holding that "§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings"); *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016) (holding that counsel appointed pursuant to § 3599 can represent petitioners in state competency proceedings). Among the potential remedies available to Mr. Gutierrez at this point are a civil rights suit under 42 U.S.C. § 1983 asserting the ongoing violation of his right to independent testing of potentially exculpatory crime-scene evidence, *see Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289 (2011) (convicted state prisoner may seek DNA testing of crime-scene evidence in § 1983 action), followed by either an application to file a second or successive petition in the Court of Appeals under 28

U.S.C. §§ 2244(b)(2)-(3) and/or a Rule 60(b) Motion. Current court-appointed counsel is not a trial attorney, has limited experience in federal § 1983 actions, and given the gravity and finality of execution feels that an attorney with more experience handling such matters is needed. Furthermore, current court-appointed counsel is no longer a member of the CJA panel of the Fifth Circuit Court of Appeals, *see* Fifth Circuit No. 17-98007, Doc. 00514275165, and thus can file neither a § 2244(b) nor a Rule 60(b) in that court on Mr. Gutierrez's behalf as CJA counsel.

### B.     Mr. Gutierrez has exercised due diligence in seeking new counsel.

In *Christeson v. Roper*, ___ U.S. ___, 135 S.Ct. 891 (2015), the Supreme Court held that the lower courts were wrong to have rejected a habeas petitioner's substitution motion despite its having been filed shortly before his scheduled execution date. *Christeson*, 135 S. Ct. at 893 (district court's reasoning); *id.* at 895. The Supreme Court also found reasonable Christenson's request for "only 90 days to investigate and file a Rule 60(b) motion." *Ibid.*

Here, appointed counsel was diligent in seeking additional counsel to assist with end-stage litigation even before the State had set an execution date. As early as March 15, 2018, appointed counsel conferred by email with the Federal Defender's Capital Habeas Unit ("CHU") in Dallas regarding the need for assistance with Mr. Gutierrez's end-stage litigation. The order setting Mr. Gutierrez's execution date was not signed until April 13, 2018. After exchanging multiple phone calls and emails both before and after the order setting the execution date was issued, and an in-person meeting with the Director of the Dallas CHU, it became apparent that the Dallas CHU would be unable to assist. Appointed counsel's inability to appear as CJA counsel in the Fifth Circuit on behalf of Mr. Gutierrez in the Fifth Circuit at all only became apparent on June 22, 2018, when the Fifth Circuit rejected a notice of appearance filed on behalf of another CJA capital case client, Danny Bible. When the specific circumstances making appointment of such counsel critically necessary

became apparent, and notwithstanding ongoing end-stage litigation in another capital case, appointed counsel promptly renewed her search for additional counsel.  Appointed counsel conferred with the newly-formed Austin CHU regarding Mr. Gutierrez's case.  The Austin CHU lacks sufficient personnel to assume the case but immediately began trying to identify new counsel for Mr. Gutierrez.  That search continues.

### III.   CONCLUSION

For the foregoing reasons, Ruben Gutierrez respectfully requests that this Court enter the attached order for the following: (1) permitting Margaret Schmucker to withdraw as counsel; (2) appointing the CHU to monitor the case and identify qualified substitute counsel; and (3) such other relief as this Court deems appropriate.

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Plaintiff
Texas Bar No. 24030874
Southern District Bar No. 30267

Law Office of Margaret Schmucker
1841 S. Lakeline Blvd., Suite 101-158
Cedar Park, TX 78613

Phone: (512) 236-1590
Email: M.Schmucker@AppellateCourtLaw.com

**CERTIFICATE OF CONFERENCE**

This certifies that on July 24, 2018, undersigned counsel conferred with counsel for Respondent, Edward Marshall, Office of the Texas Attorney General, concerning Petitioner's Motion for Substitution. Counsel for Respondent indicated that they are opposed.

Margaret Schmucker

**CERTIFICATE OF SERVICE**

This certifies that a true and correct copy of the foregoing Motion for Substitution of Counsel has been served upon counsel for the Respondent via the CM/ECF system.

Margaret Schmucker