IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 1:09-CV-00022 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court are Petitioner Ruben Gutierrez's ("Gutierrez") August 10, 2018, opposed Motion to Appoint Co-Counsel, Dkt. No. 66; Respondent Lorie Davis' ("Davis") August 13, 2018, Opposition to Motion to Appoint Co-Counsel, Dkt. No. 69; and Gutierrez's August 14, 2018, reply to the opposition, Dkt. No. 70. The Court **GRANTS** Gutierrez's motion and **CONDITIONALLY APPOINTS** the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO-EDPA") as co-counsel in this case.

### I. Background

On August 6, 2018, the Court granted Attorney Margaret Schmucker's ("Schmucker") motion to withdraw from representing Gutierrez and appointed Attorney Richard W. Rogers, III, ("Rogers") as substitute counsel. Dkt. No. 63. The motion to substitute counsel indicated that potential remedies which may exist for Gutierrez include filing a civil rights action under 42 U.S.C. § 1983. Recognizing that federal law entitles death-row inmates to the appointment of more than one attorney, the Court ordered Gutierrez to request the assistance of an additional attorney by August 10, 2018. Petitioner now seeks to the appointment of FCDO-EDPA as Rogers' co-counsel. Dkt. No. 66. Such appointment would be conditioned on the FCDO-EDPA receiving approval to pursue out-of-district representation from (1) the Defender Services Office of the Administrative Office of the United States Courts, and (2) Fifth Circuit Chief Judge Carl E. Stewart. *Id*. at 4.

Davis opposes the appointment of co-counsel. Dkt. No. 69. Respondent provides four reasons for objecting to FCDO-EDPA serving as co-counsel: (1) Respondent objects to any delay that would result from the appointment of FCDO-EDPA, *id.* at 2-3; (2) Respondent contends that no conflict of interest exists between Gutierrez and Rogers requiring the substitution of counsel, *id.* at 3-4; (3) Respondent argues that appointed counsel does not have a statutory right to file a lawsuit under 42 U.S.C. § 1983, and thus additional attorneys for the preparation of that lawsuit are not necessary, *id.* at 4-5; and (4) the interests of justice do not require the appointment of counsel to assist in a § 1983 case which is "an extremely limited proceeding," *id.* at 5.

Gutierrez filed a reply to Davis' opposition. Dkt. No. 70. Gutierrez replies that any delay is not his fault, but that of Schmucker for failing to bring problems with her representation before the Court in a timely manner. *Id.* at 1–2. Gutierrez argues that Davis relies on an incorrect standard when opposing the appointment of co-counsel. *Id.* at 2. Likewise, Gutierrez contends that Davis presents a constricted view of the responsibilities of co-counsel which will encompass more than assisting in a civil rights action. *Id.* at 3. Even under the standards propounded by Davis, however, Gutierrez argues that he has an entitlement to co-counsel under the law. *Id.* at 1–4.

## II. Legal Standard

Federal law entitles Gutierrez "to the appointment of one or more attorneys . . . . " 18 U.S.C. § 3599(a)(1); *see also McFarland v. Scott*, 512 U.S. 849, 854 (1994) (finding, under a former statute, that federal law "grants indigent capital defendants a mandatory right to qualified legal counsel"). The governing statute does not necessarily require the appointment of more than one attorney. After the appointment of one qualified attorney, "the court, *for good cause*, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d) (emphasis added). However, the federal court's

Guide to Judiciary Policy contemplates that "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing *at least* two attorneys." Vol. 7A *Guide to Judiciary Policy* § 620.10. 20(b) (emphasis added).

### III. Analysis

Respondent asks the court to apply the interests-of-justice standard when deciding whether to appoint co-counsel in this action. Dkt. 69 at 2–5; *see Christeson v. Roper*, ___ U.S. ___, 135 S. Ct. 891, 894 (2015) (applying interests-of-justice standard to motions to substitute counsel); *Martel v. Clair,* 565 U.S. 648, 663 (2012) (same). Under statutory law, however, Gutierrez only needs to show "good cause" for the appointment of another attorney. 18 U.S.C. § 3599(d). Federal judicial policy presumes that the complex nature of capital representation itself present good cause for representation by at least two attorneys.

Respondent also objects that the court should not appoint counsel because it appears that Gutierrez will soon litigate a civil rights action. Respondent contends the filing of that lawsuit should not require the services of more than one attorney. The appointment of co-counsel, however, is not limited to that one task. Once a court appoints an attorney under § 3599, that attorney "shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . ." 18 U.S.C. § 3599(e). Co-counsel will have a responsibility to represent Gutierrez throughout "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," as well as "competency proceedings and proceedings for executive or other clemency." *Id*. While the filing of a civil rights action is foreseeable, so are other possible avenues of relief such as a motion for a stay of execution, state clemency, and successive habeas proceedings. Respondent's narrow view of appointment does not fully capture the possible work co-counsel may perform.

Reviewing the pleadings and the law, and in consideration of the possible remedies available to Gutierrez, the Court finds that Gutierrez has shown good cause for the appointment of co-counsel.

## IV. Conclusion

Accordingly, the Court **GRANTS** Gutierrez's Motion to Appoint Co-Counsel. Dkt. No. 66. Finding that the requested co-counsel meets the statutory qualifications, the Court **CONDITIONALLY APPOINTS** the Federal Community Defender Office for the Eastern District of Pennsylvania as co-counsel pursuant to 18 U.S.C. § 3599(d).[1] The contact information for co-counsel is as follows:

**Shawn Nolan**, Chief
Capital Habeas Unit
Federal Community Defender
Eastern District of Pennsylvania
601 Walnut Street, Suite 545
West Philadelphia, PA, 19106
(215) 928-0520
Shawn_Nolan@fd.org

This appointment is effective upon the Defender Services Office's and the Fifth Circuit Chief Judge's administrative approval of the FCDO-EDPA's request to seek an out-of-district appointment. The Federal Community Defender Office will promptly notify the Court upon receiving the Defender Services Office's and the Fifth Circuit Chief Judge's response to its request.

SIGNED this 14th day of August, 2018.

_____
Hilda Tagle
Senior United States District Judge

---

[1] "When cases are assigned to a federal public or community defender organization, the appointment should be made in the name of the organization (i.e., the federal public defender or community defender), rather than in the name of an individual staff attorney within the organization."). *Guide to Judiciary Policy, supra,* § 220.35; *see also* § 440 ("To ensure the effective supervision and management of the organization, federal public defenders and community defenders should be responsible for the assignment of cases within their own offices. Accordingly, appointments by the court or U.S. magistrate judge should be made in the name of the organization . . . rather than in the name of an individual staff attorney within the organization.").