United States Courts
Southern District of Texas
FILED
*September 10, 2018*
David J. Bradley, Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

1:09-CV-22

No. 18-70028



A True Copy
Certified order issued Sep 10, 2018

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

RUBEN GUTIERREZ,

    Petitioner - Appellee

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

    Respondent - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before SOUTHWICK, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:

    The State of Texas has moved to vacate the district court's stay of execution of Ruben Gutierrez. Newly appointed counsel for Gutierrez responds that a stay is necessary so that counsel will have time to determine if there is any basis for a successive application for habeas corpus relief and to pursue clemency and a civil suit under 42 U.S.C. § 1983.

    We agree with Texas that there is a serious question of whether it was proper to grant a stay under 28 U.S.C. § 2251(a)(1) when there was no pending habeas proceeding. The doubt arises because of a 2006 amendment to the

statute to add what is now Section 2251(a)(2). It states a "habeas corpus proceeding is not pending until the application is filed." According to a congressional conference report, Section 2251(a)(2)

> clarifies when a habeas proceeding is 'pending' for purposes of 28 U.S.C. 2251 . . . Overruling *McFarland v. Scott*, 512 U.S. 849 (1994) . . . this [amendment] provides that a habeas proceeding is not 'pending' until the habeas application itself is filed. For prisoners who have applied for counsel pursuant to 18 U.S.C. 3599(a)(2), there is a limited exception allowing the court to stay execution of a death sentence until after the attorney has been appointed or the application withdrawn or denied.

H.R. REP. No. 109-333, at 109–10 (2005).

Despite the Congressional purpose to alter the effect of *McFarland*, this Circuit has yet to address the effect of the revision. The district court did not discuss Section 2251(a)(2), largely we expect because the parties did not do so.

Regardless of our doubts about issuance of a stay of execution under Section 2251(a)(1) when there is no pending habeas application in the issuing court, the district court clearly had authority to enter a stay under Section 2251(a)(3), also added in 2006. If counsel is appointed, the stay can last for no longer than 90 days from the date of the appointment. § 2251(a)(3). Though the district court did not rely on that section, we conclude the stay is not invalid for failure to identify a clear source of authority for its issuance.

We next consider whether the district court abused its discretion in exercising this authority. It is significant that Section 2251(a)(3) combines the authority for granting a time-limited stay with a prisoner's right to apply for appointment of counsel under 18 U.S.C. § 3599(a)(2). If a court exercises its discretion to grant a stay at the time of appointing counsel, a 90-day stay serves the purpose of allowing counsel time to determine if an application for habeas corpus relief is appropriate. We conclude the district court did not abuse its discretion in this case.

We construe the stay as having been issued under Section 2251(a)(3). It is effective for no longer than 90 days from the date of appointment of the initial new counsel.

The motion to vacate the stay is DENIED.

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

September 10, 2018

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 18-70028   Ruben Gutierrez v. Lorie Davis, Director
                        USDC No. 1:09-CV-22

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Monica R. Washington, Deputy Clerk
504-310-7705

Mr. David J. Bradley
Mr. Jefferson David Clendenin
Mr. Richard W. Rogers III
Mr. Peter James Walker